Coös,　　　}
June 29, 1918. }

### ELLEN D. HOLDEN v. MEYER LOVERIN.

ASSUMPSIT, for breach of an alleged contract to clear the plaintiff's land of brush and bushes. At the close of the plaintiff's evidence the court (*Kivel*, C. J.) ordered a nonsuit, and transferred the case upon the plaintiff's exception from the September term, 1917, of the superior court.

The plaintiff was the owner of land in Colebrook and Columbia, and in July, 1912, conveyed to the defendant "all of the fir, spruce, poplar and cedar standing and growing" thereon, with the right to cut and remove the same from the land in Colebrook until May 1, 1915, and from the land in Columbia until May 1, 1918, with certain reservations. In April, 1915, the defendant had not completed his operations in Colebrook, and he then made an additional contract with the plaintiff as follows:

"This is to certify that I, Ellen D. Holden, have this day received from M. Loverin one hundred dollars for the extension of time in the town of Colebrook from May 1st, 1915, to May 1st, 1916, provided he, M. Loverin, cuts all trees of fir, spruce, poplar and cedar, except cedar as mentioned in deed of sale to M. Loverin

July 11, 1912, in both towns of Colebrook and Columbia, in the above mentioned time."

The plaintiff testified that the defendant talked with her about getting a Mr. Bell to put up a mill to make cedar oil from the brush and bushes, and offered to give her one half the proceeds; that she told him she would be glad to have the stuff cleaned off without pay as it was a nuisance in the pasture; that the defendant never did anything about it, except to speak to Bell. The defendant was called as a witness by the plaintiff, and testified that the project was abandoned after his talk with Bell because it would not pay.

*Horace J. Holden* and *George F. Rich* (*Mr. Holden* orally), for the plaintiff.

*Drew, Shurtleff, Morris & Oakes* and *Leon D. Ripley* (*Mr. Oakes* orally), for the defendant.

PEASLEE, J.   Neither the original contract nor the supplemental agreement binds the defendant to clear the plaintiff's land. The parties made, and afterwards changed the time limit in, an ordinary contract for the purchase and sale of stumpage. The provision in the supplemental agreement that the defendant should cut "all trees of fir" etc. before May 1, 1916, was evidently inserted to make it plain that he agreed therein to a shortening of the time given by the original contract for cutting on the part of the land situated in Columbia.

The plaintiff claims further that her dealings with the defendant show that they understood that he was to clear the land. If it were conceded that the plaintiff could thus vary the plain meaning of the written agreements, or if the negotiations as to the brush and bushes were to be treated as additions thereto, the result would be the same. On the plaintiff's own testimony all those negotiations came to was that the defendant suggested using the cedar refuse in the manufacture of cedar oil and promised to investigate the matter. This promise he fulfilled by interviewing the oil manufacturer. Finding that the expense would be too great, he abandoned the project. There is no evidence of any promise being made and broken, or of any understanding conflicting with the written evidence of their agreement.

*Exception overruled.*

All concurred.